UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

NOAH WICK on behalf of himself and all others similarly situated,

Plaintiff,

v.

TWILIO, INC.,

Defendant.

No.

**VIOLATIONS OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT; WASHINGTON CONSUMER PROTECTION ACT; AND WASHINGTON COMMERCIAL ELECTRONIC EMAIL ACT**

(JURY TRIAL DEMANDED)

Plaintiff Noah Wick ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendant Twilio, Inc. to recover monetary damages, injunctive relief, and other remedies for violations of federal and state law, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227; the Washington State Commercial Electronic Mail Act, RCW § 19.190.060; and the Washington Consumer Protection Act, RCW § 19.190.060. Plaintiff makes the following allegations based on the investigation of his counsel and on information and belief, except as to allegations pertaining to Plaintiff individually, which is based on his personal knowledge.

## I. INTRODUCTION

1. In passing the Telephone Consumer Protection Act ("TCPA"), Congress sought to

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

protect consumers from harassing, intrusive, and unwanted robo-calls.

2. At the time of the TCPA's passage, the majority of illegal robo-calls were made "off-line" using pre-recorded voice messages.[1] In its most recent ruling on the subject, however, the Federal Communications Act ("FCC") has noted that advertisers seeking to make illegal robo-calls are increasingly using computer programs to initiate calls, and are using SMS[2] text messages, instead of pre-recorded voices messages, to reach cell phone and "smart phone" users.[3]

3. Indeed, according to a recent study by the Pew Research Center, 69% of cellular users who use text messaging receive unwanted text message spam, and "[o]f those texters, 25% face problems with spam/unwanted texts at least weekly."[4]

4. The FCC has made clear, however, that merely moving the process of robo-calling to auto-dialing computer programs, or using text messages instead of a pre-recorded voice, has not placed the practice outside the scope of the TCPA. Indeed, the FCC has recently issued a number of declaratory rulings with respect to the TCPA liability of online services that permit the sending of illegal text messages via computer program.[5]

5. The practice of sending unwanted written solicitations through SMS text messaging

---

[1] *See, e.g.*, *Rules and Regulations Implementing the Telephone Consumer Protection Act*, CG Docket No. 02-278, Report and Order, 27 FCC Rcd. 1830 ¶ 1 (2012).

[2] "Short Message Service" or "SMS" describes a message system that allows cell phone subscribers to use their cell phones to send and receive short text messages, usually limited to 120–500 characters.

[3] *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 31 F.C.C. Rcd. 88 (2016).

[4] Jan Lauren Boyles & Lee Raine, *Mobile Phone Problems*, Pew Research Center (Aug. 2, 2012), http://www.pewinternet.org/2012/08/02/mobile-phone-problems/ (last visited May 4, 2015).

[5] *See, e.g., In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (2015).

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

also has its roots in the "analog" world. "Fax blasting" or "mass faxing" is the advertising practice of sending unsolicited faxes in bulk; often to thousands of recipients. Generally, fax- blasting companies obtain advertisements or other materials that an advertiser wishes to fax blast and then transmits those materials to the fax numbers of likely consumers, or to a list of fax numbers provided by the advertiser.

6. Finding the practice of "fax blasting" to be in violation of the TCPA, the FCC has levied hundreds of citations and fines[6] against "fax-blasting" companies, which also have been the subject of a number of successful civil suits alleging TCPA violations.[7]

7. Today, because lawsuits and FCC fines have put most analog "fax blasting" companies out of business, advertisers have turned to the digital equivalent: "text blasting" or advertising via bulk SMS text messaging. But, as was the case with the practice of auto-dialing that went "digital" in the form of software-based auto-dialers, the fact that unsolicited text advertisements are now sent through the digital SMS service by "text-blasting" companies, instead of through "analog" fax machines by "fax-blasting" companies, does not render the practice in compliance with the TCPA. "Text blasters", *in the exact same manner* as their "fax-blasting" predecessors, obtain advertising material or messages from their clients, and then sends it to a list of phone numbers either created by the advertiser or the text blaster itself.

8. Defendant Twilio, Inc. is one example of a computer-based robo-calling service and text blaster because it offers to its clients the ability to initiate millions of text messages and/or calls to cell phone users via computer program. However, it is unique in that it has rendered the

---

[6] Walter Olson, *Land of Junk Fax Lawsuits*, http://www.overlawyered.com/archives/001811.html (Dec. 15, 2004).

[7] *See, e.g.*, *Missouri ex rel. Nixon v. Am. Blast Fax, Inc.*, 323 F.3d 649 (8th Cir. 2003).

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

practice of computer-program-initiated calls and text blasting infinitely scalable by providing call-initiating programs on the company Amazon.com's cloud servers.[8]

9. Twilio, Inc.'s cloud-based robo-calling, text blasting and auto dialing service, which was first launched 2007 to send prank calls, has, since that time grown to provide its service to hundreds of advertisers, and initiated billions of text messages and millions of calls to cell phone users, including Plaintiff, without their express consent, and in violation of the TCPA and Washington law.[9] This lawsuit seeks to hold Twilio, Inc. liable for its role in initiating those calls.

## II. JURISDICTION AND VENUE

10. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d) because all Members of the putative Classes are citizens of different states than Defendant and the aggregate amount in controversy exceeds five million dollars.

11. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff Noah Wick resides in this District, Defendant regularly conduct business in interstate trade and commerce in this District, and a substantial part of the events given rise to the claim, including the receipt of the illegal call and texts in question, occurred within this District.

13. This Court has personal jurisdiction over Defendant because Defendant is present in the State of Washington, such that requiring an appearance does not offend traditional notions of fair play and substantial justice and Defendant's activities described herein were in the flow of

---

[8] *See, e.g.*, Derrick Harris, *Why Amazon Will Make or Break Twilio*, Gigaom (Mar. 3, 2009), https://gigaom.com/2009/03/03/why-amazon-will-make-or-break-twilio/.

[9] *See, e.g.*, Twilio Inc., *Programmable SMS*, https://www.twilio.com/sms; Jason Kincaid, *Twilio: Powerful API for Phone Services That Can Recreate GrandCentral's Core Functional in 15 Lines of Code*, TechCrunch (Nov. 20, 2008), http://techcrunch.com/2008/11/20/twilio-powerful-api-for-phone-services-that-can-recreate-grandcentral-in-15-lines-of-code/.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

interstate commerce and had a substantial effect on interstate commerce.

14. This Court has specific personal jurisdiction over Defendant because Twilio, Inc. purposefully directed its activities toward this forum by intentionally making calls and/or sending texts to Washington phone-numbers, programming software that dials numbers with Washington area codes, and/or facilitating and directing calls and/or texts to numbers with Washington area codes.

15. This Court also has specific personal jurisdiction over Defendant because Twilio, Inc. has expressly aimed its conduct at Washington by transmitting calls to numbers with Washington area codes and/or transmitting calls to Washington at the direction of another party to numbers with Washington area codes.

16. This Court finally has specific personal jurisdiction over Defendant because Twilio, Inc. knew that harm caused by its automated calls and/or text messaging services would be suffered in Washington, as it knew or consciously disregarded the fact that it and/or its users were transmitting calls to Washington numbers in violation of Washington law.

## III. PARTIES

17. Plaintiff is and was at all times alleged herein a citizen of the United States and a citizen of the State of Washington and currently resides in King County, Washington. On or about February 12, 2016, he received one or two unsolicited calls and a text message initiated from Twilio, Inc.'s cloud-based API service.

18. Defendant Twilio, Inc. is a Delaware corporation with headquarters in San Francisco, California. Defendant maintains an agent for service of process at CSC Lawyers Incprorating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## IV. FACTS

19. Twilio, Inc. ("Twilio") is a cloud-based communications company.

20. The primary service offered by Twilio is a cloud-based application program interface (commonly known as an "API") that permits its customers to programmatically make automated phone calls and send text messages.

### A. How the Twilio API Initiates a Programmed Call

21. Twilio's programmatic phone call service is known as its "Voice API," and allows users to: "use one service [the Voice API] to make calls to anyone on a traditional mobile or landline, and receive calls on local numbers in nearly 50 countries."[10]

22. Twilio's programmatic text messaging service is known as its "SMS API" which uses "cloud software" capable of sending "billions of SMS messages" delivered through "more than 900 global carriers" to automatically send text messages to anyone on a mobile phone.[11]

23. Twilio's "SMS API" is accessed by Twilio users through a "client program." A client program is a piece of software that relies on sending a request to another program (in the case of Twilio, the "SMS API").

24. Client programs that access the Twilio API can be written in a number of programming languages (including PHP, NODE, PYTHON, RUBY, JAVA, and C#), and are extremely simple, leaving the programmatic "heavy lifting" (including dialing numbers, playing recorded messages, and gathering data) to be done automatically by the Twilio API.

25. Consider the below program written in C# provided as an example on Twilio's website:

[10] Twilio Inc., *Programmable Voice*, https://www.twilio.com/voice.

[11] Twilio Inc., *Programmable SMS*, https://www.twilio.com/sms.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

PHP NODE PYTHON RUBY JAVA .NET (C#)

```
// Download the twilio-csharp library from twilio.com/docs/csharp/install
using System;
using Twilio;

class Example
{
  static void Main(string[] args)
  {
   // Find your Account Sid and Auth Token at twilio.com/user/account
   string AccountSid = "AC5ef872f6da5a21de157d80997a64bd33";
   string AuthToken = "[AuthToken]";
   var twilio = new TwilioRestClient(AccountSid, AuthToken);

   var message = twilio.SendMessage(
     "+14158141829", "+16518675309",
     "Tomorrow's forecast in Financial District, San Francisco is Clear.",
     new string[] { "https://climacons.herokuapp.com/clear.png" } ,
     null
   );
   Console.WriteLine(message.Sid);
  }
}

```

26. The program only does three things. **<u>First</u>**, in the portion of the program copied below, it accesses the Twilio-developed coding language necessary to access the Twilio API (it does this through the C# “code-word” “using”).

```
// Download the twilio-csharp library from twilio.com/docs/csharp/install
using System;
using Twilio;
```

27. **<u>Second</u>**, in the portion of the program copied below, it creates the “client” using only two pieces of information: the Twilio User’s ID (identified in the code as “string AccountSid”) and their password (identified in the code as “strong AuthToken”). This can be thought of the program “signing in” to the API.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

```
// Find your Account Sid and Auth Token at twilio.com/user/account
string AccountSid = "AC5ef872f6da5a21de157d80997a64bd33";
string AuthToken = "[AuthToken]";
var twilio = new TwilioRestClient(AccountSid, AuthToken);
```

28. **Third**, and finally, in the portion of the program copied below it tells the "client" to initiate the Twilio SMS API programming (which is stored on Twilio's cloud-based servers), by sending a list of numbers (here, "14158141829" and "16518675309") and a message to be sent out (here, "Tomorrow's forecast in . . . San Francisco is Clear.").[12]

```
var message = twilio.SendMessage(
  "+14158141829", "+16518675309",
  "Tomorrow's forecast in Financial District, San Francisco is Clear.",
  new string[] { "https://climacons.herokuapp.com/clear.png" } ,
  null
);
```

29. From that point forward, 100% of the call is handled by the Twilio cloud-based API on Twilio's server. As Twilio itself describes, when the request, in **step three** above, "is sent to Twilio [it] . . . deliver[s] an SMS to the provided phone number. The server logic determines the weather forecast for San Francisco and sends a related message . . . to the phone number."[13]

30. More specifically, however, the SMS API runs a number of programs, entirely separate from the "client program" discussed above, which are stored on Twilio's cloud servers.

[12] This program also includes a "new string [] ("https://climacons.herokuapp.com/clear.png")" command that sends a picture of a sun that is stored on a climacons server. This is not a legally relevant line of the code.

[13] Twilio, Inc., *SMS API*, https://www.twilio.com/sms/api.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

These programs include: <Queue>[14], which generates a list of numbers to dial; <Dial>[15], which will dial a given phone number; <SMS>[16], which will send a text message; and <Say>[17], which will generate and deliver an automated speech message.[18]

31. Even the small role that the client program has in a programmed call, however, can be removed by Twilio's services, in two ways. **First**, Twilio offers a bank of developers, in its **"Developer Gallery"**, that will write the "client program" as well. As Twilio explains on its website: "with hundreds of developers specializing in nearly every web technology, you can find exactly the right person to help you build the Twilio solution you need."[19] **Second**, Twilio, through its "**Twimlets**" service (intended to be a Twilio version of a "widget") will auto-generate the client program, for non-developer users.[20]

**B. Twilio Is So Involved, It Is Deemed to Have Initiated the Programmed Call**

32. Twilio's involvement in a programmed call goes beyond merely interacting with a "client program" to initiate a call, as described above; it also determines what number a message

---

[14] Twilio Documentation for <Queue> is here: https://www.twilio.com/docs/api/twiml/queue.

[15] Twilio Documentation for <Dial> is available here: https://www.twilio.com/docs/api/twiml/dial.

[16] Twilio Documentation for <SMS> is available here: https://www.twilio.com/docs/api/twiml/sms.

[17] Twilio Documentation for <Say> is available here: https://www.twilio.com/docs/api/twiml/say.

[18] This program also includes a "new string [] ("https://climacons.herokuapp.com/clear.png")" command that sends a picture of a sun that is stored on a climacons server. This is not a legally relevant line of the code.

[19] Twilio, Inc., *Doing is for Doers*, https://www.twilio.com/doers.

[20] Twilio, Inc., *Can Twilio* https://www.twilio.com/help/faq/twilio-basics/i-cant-code-can-twilio-help-build-my-app-for-me.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

will be sent from, creates the queue of the numbers the message will be sent to, and creates the content of the message by assembling the messages themselves.

33. Twilio determines what number a text message or phone call will come **from**. According to the Twilio website: "Twilio cloud software uses real-time carrier feedback to send SMS messages from phone numbers that won't be filtered or rejected."[21] To do so, messages are sent from a "pool of phone numbers to speed delivery," a service which Twilio "handle[s] . . . for you" with "backend logic."[22] In short, Twilio explains, its "software intelligence automatically select[s] the best source for your message."[23]

34. What's more, Twilio actively shields the true source of calls it initiates. Twilio's "GeoMatch" feature "[a]utomatically select[s] local phone numbers when sending messages globally"[24] and its "Masked Phone Numbers" service "mask[s] personal phone numbers for secure calling and texting."[25]

35. Twilio is also involved the creation of the text message itself. Again, according to the Twilio website, "[d]ifferent devices and carriers don't always treat content the same. Twilio handles . . . message assembly." [26] Twilio will, it explains, "automatically segment and reassemble [certain messages] with no custom code required."[27]

---

[21] Twilio, Inc., *Programmable SMS*, https://www.twilio.com/sms.

[22] Twilio, Inc., *Programmable SMS*, https://www.twilio.com/sms.

[23] Twilio, Inc., *SMS Coverage*, https://www.twilio.com/sms/coverage.

[24] Twilio, Inc., *SMS Features*, https://www.twilio.com/sms/features.

[25] Twilio, Inc., *Masked Phone Numbers*, https://www.twilio.com/use-cases/masked-phone-numbers.

[26] Twilio, Inc., *Programmable SMS*, https://www.twilio.com/sms.

[27] Twilio, Inc., *SMS Features*, https://www.twilio.com/sms/features.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

36. Finally, Twilio <u>generates the list of numbers **to be dialed**</u>, using the <Queue> program noted above, which Twilio explains allows its customers to "send SMS as fast as you like [because] Twilio automatically queues and sends each message at a rate that keeps you compliant."[28]

37. However, it is relevant to note, that *unlike* the program described above, the <Queue> program need not receive a pre-generated list of phone numbers; indeed, the list of phone numbers may be generated from a file that contains the entire phone book, or a separate program that auto-generates numbers. Consider, for example, the below code which uses a variable "$recipientPhoneNumber," which can be dynamically filled by the program, instead of using a specific defined list of numbers as was used in the above program:

```
handleSMS.php

<?php

    // create Twilio Rest Client with my credentials
    $client = new TwilioRestClient($accountSid, $authToken);

    // Send a POST to the Twilio REST API's Calls resource, which will start a new call
    // Params: the Phone Number to call, and the URL to handle the call
    $response = $client->sendRequest("/Accounts/$accountSid/Calls", "POST", array(
        "Caller" => "555-867-5309",
        "Called" => $recipientPhoneNumber,
        "Url" => "http://{$_SERVER['HTTP_HOST']}/rick/callHandler.php?roller=$senderPhoneNumber"
    ));

?>
```

## C. Unsolicited Text Messages Received by Plaintiff

38. On February 12, 2016, Plaintiff accessed the Crevalor website, www.crevalor.com, and was offered a free sample of "Crevalor," a pre-workout supplement. In order to receive the free sample, Plaintiff had to enter his name, address, and cell phone number. After entering in his personal information, he was redirected to a second webpage, which provided pricing information. Deciding that he did not want to purchase the product, he closed the webpage.

---

[28] Twilio, Inc., *SMS Features*, https://www.twilio.com/sms/features.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

39. Immediately afterwards, Plaintiff received a text message initiated by Twilio, which stated, "Noah, Your order at Crevalor is incomplete and about to expire. Complete your order by visiting http://hlth.co/xDoXEZ."

40. The text message originated from the telephone number (702) 800-2853. A reverse white pages look-up of this number shows this to be a phone number owned by "Twilio VoIP" of Las Vegas, Nevada. Accordingly, on information and belief, Plaintiff believes this call was initiated by Defendant.

41. Simultaneously, Plaintiff received an unsolicited telephone call from a telemarketer. The solicitor stated that they wanted to be able to give a free product, but that he needed to order it right now. The solicitor told Plaintiff that he had to pay for shipping of the free product. She told Plaintiff he had to order the product immediately.

42. Plaintiff instructed the solicitor that he did not order the product, did not want to buy the product, and to take his number off of their list.

43. Plaintiff is on the federal "Do Not Call list," and has registered his number on the National Do Not Call Registry.

## V. CLASS ALLEGATIONS

44. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

45. Plaintiff brings this action on his own behalf and pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class (the "National Class"):

> All persons, in the United States, who received an unsolicited SMS text message and/or call initiated by Twilio, Inc.'s API and/or Twilio, Inc. and/or from a Twilio, Inc. owned server.

46. Excluded from the National Class are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded is any trial judge who may preside over the case.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

47. Plaintiff also brings this action on his own behalf and pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following sub-class (the "Washington Class"):

> All Washington residents who received an unsolicited SMS text message and/or call initiated by Twilio, Inc.'s API and/or Twilio, Inc. and/or from a Twilio, Inc.

48. Excluded from the Washington Class are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded is any trial judge who may preside over the case. Collectively, members of the National Class and Washington Class are referred to as "Class Members."

49. The Members of the Classes are so numerous that joinder of all Members is impracticable. On information and belief, millions of consumers have received unsolicited SMS text message and/or calls initiated by Twilio's API. Disposition of the claims of the proposed Classes in a class action will provide substantial benefits to both the parties and the Court.

50. The rights of each member of the proposed Classes were violated in a similar fashion based upon Defendant's uniform wrongful actions and/or inaction.

51. The following questions of law and fact are common to each proposed Class Member and predominate over questions that may affect individual Class Members:

a. Whether Twilio initiated the text messages and/or calls in question, for the purposes of the TCPA;

b. Whether Twilio is a common carrier for the purposes of the TCPA;

c. Whether Twilio makes use of an "automatic telephone dialing system" within the meaning of the TCPA;

d. Whether Twilio violated the TCPA by sending unsolicited text messages and/or making calls to Class Members;

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

e. Whether Twilio knowingly permitted its platform to be used for violations of the TCPA;

f. Whether Twilio violated Washington state law (for members of the Washington Class only);

g. Whether Twilio intentionally and knowingly violated Washington state law (for members of the Washington Class only);

h. Whether Twilio's conduct in violation of federal law was intentional and knowing;

i. Whether Twilio is likely to continue unlawful conduct such that an injunction is necessary;

j. Whether the Classes has been damaged and, if so, the extent of such damages; and

k. Whether Plaintiff and the Classes are entitled to an aware of reasonable attorneys' fees, interest, and costs of suit.

52. The claims of the individually named Plaintiff are typical of the claims of the Classes and do not conflict with the interests of any other members of the Classes, in that Plaintiff and the other members of the Classes were subjected to the same uniform practices of the Defendant.

53. The individually named Plaintiff will fairly and adequately represent the interests of the Classes. He is committed to the vigorous prosecution of the Classes' claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, TCPA and consumer protection claims.

54. Defendant has acted or refused to act on grounds generally applicable to the proposed Classes, thereby making appropriate equitable relief with respect to the Classes.

55. The prerequisites to maintaining a class action for injunctive relief exist:

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

a. If injunctive relief is not granted, great harm and irreparable injury to Plaintiff and the members of the Classes will continue; and

b. Plaintiff and the members of the Classes have no adequate remedy at law for the injuries which are threatened to recur, in that, absent action from this Court, Defendant will continue to violate federal and state law, and cause damage to Plaintiff and Class Members.

56. Defendant's actions are generally applicable to the Classes as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Classes as a whole.

57. The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Classes, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Plaintiff's counsel, highly experienced in class actions, foresee little difficulty in the management of this case as a class action.

## VI. PLAINTIFF'S AND CLASS MEMBERS' INJURIES

58. Plaintiff and Class Members have been injured by Twilio's unlawful calls and/or text messages to cell phones that violated the TCPA and Washington law.

59. Twilio's text messages and calls caused economic harm to Class Members by requiring them to pay their cell phone providers either for each text message or call and/or incurring a usage allocation deduction to their cell phone plan.

60. Twilio's text messages and calls injured Plaintiff and Class Members by depriving them of the use of their cell phones for a period of time. While the unlawful calls and texts were in progress, Twilio trespassed upon Plaintiff's and Class Members' right to use their property

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

without interference. For example, during this time, Plaintiff and Class Members could not place an outgoing call/text.

61. Twilio's conduct injured Plaintiff and Class Members because their privacy has been violated, and they were subject to annoying and harassing calls and text messages that constituted a nuisance. Twilio's calls and text messages intruded upon the rights of Plaintiff and Class Members to be free from invasion of their interest in seclusion.

62. Twilio's conduct injured Plaintiff and Class Members because they wasted time answering or otherwise addressing the unwanted calls and text messages.

63. The severity of the injuries described above have been amplified by Twilio's use of an autodialer, which enables Twilio to make massive amounts of calls and text messages at low cost and in a short period of time.

## VII. CLAIMS FOR RELIEF

### COUNT I - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227, *ET SEQ.*) (ON BEHALF OF PLAINTIFF AND THE NATIONAL CLASS)

64. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

65. The TCPA states, in relevant part, that:

> It shall be unlawful...(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…(iii) to any telephone number assigned to a…cellular telephone….

47 U.S.C. § 227(b)(1).

66. The TCPA defines "telemarketing call," or "telephone solicitation," as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of…goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

67. The TCPA defines an "automatic telephone dialing system" as "equipment which

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

68. Before sending a text message, the party sending the text message must obtain "prior express consent" from the called party. 27 F.R. § 64.1200(f)(8).

69. Twilio made telephone solicitations, including, but not limited to, the call and text message received by Plaintiff to the wireless telephone numbers of Plaintiff and members of the proposed Classes, without their prior express consent.

70. Specifically, Twilio initiates calls and SMS text messages via its Voice and SMS API and from Twilio-owned servers.

71. Moreover, Twilio is so involved in the calls and text messages initiated by its customers that it functionally initiates the call because, among other things, it determines who a message will be send from, creates the queue of the numbers the message will be sent to, and assembles the messages themselves.

72. The calls and text messages sent to Plaintiff and the proposed Class Members were sent using equipment that had the capacity to store telephone numbers retrieved from a database and to dial such numbers, specifically the Twilio APIs and its <Queue> and <Dial> functions. The Twilio APIs can also be programmed to generate and dial random or sequential numbers. By using such equipment, Twilio and its customers were able to effectively send calls and text messages simultaneously to thousands of wireless telephone numbers *en masse* without human intervention.

73. Finally, Twilio knew or should have known that the Twilio API and its servers were being used to violate the TCPA and, indeed, aided in the misuse of its API and servers by shielding the true source of calls and text messages issues without prior express consent.

74. The calls and text messages were made through the use of a short code dialing

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

service and without the prior express written consent of Plaintiff and the proposed Class Members.

75. Defendant's conduct in sending said text messages violates 47 U.S.C. §227(b)(1)(A)(ii).

76. As a result of Defendant's violation, Plaintiff and members of the Classes suffered injuries, including, where applicable, actual damages by, inter alia, having to pay their respective wireless carriers for the calls and text messagesand, under 47 U.S.C. §227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each violation of the TCPA, and up to $1,500.00 if Defendant's violation of the TCPA is determined to be knowing or willful.

**COUNT II - VIOLATION OF THE WASHINGTON STATE COMMERCIAL ELECTRONIC MAIL ACT (RCW § 19.190.060, ET SEQ.) (ON BEHALF OF PLAINTIFF AND THE WASHINGTON CLASS)**

77. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

78. The Washington State Commercial Electronic Mail Act provides, in relevant part, that:

> No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages.

Wash. Rev. Code Ann. § 19.190.060(1).

79. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Washington State Commercial Electronic Mail Act and related Washington statutes.

80. Twilio regularly conducts business in the state of Washington, including but not limited to making text and telephone solicitations to Washington state residents.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

81. Twilio initiates electronic commercial texts messages to telephone numbers assigned to Washington residents.

82. Twilio, on or about February 12, 2016, initiated an electronic commercial text message to Plaintiff's telephone number, which is a telephone number assigned to a Washington resident.

83. Twilio assists its users in initiating electronic commercial texts messages to telephone numbers assigned to Washington residents, including Plaintiff's telephone number.

84. Twilio, on or about February 12, 2016, assisted its user, Crevalor Inc., in initiating an electronic commercial text message to Plaintiff's telephone number, which is a telephone number assigned to a Washington resident.

85. Plaintiff's cellular phone is equipped with short message capability and can receive and transmit text message.

86. Pursuant to RCW § 19.190.090, in addition to other relief requested below, Plaintiff seeks an order enjoining Twilio from further violating RCW § 19.190.060.

**COUNT III - VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT (RCW § 19.190.060) (ON BEHALF OF PLAINTIFF AND THE WASHINGTON CLASS)**

87. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

88. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Washington Consumer Protection Act and related Washington statutes.

89. Defendant's practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiff's cellular phone is a violation of RCW 19.190.060. This violation, by law, is a per se violation of Washington's Consumer Protection Act, RCW 19.86.010, et seq.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

90. Defendant's practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiff's cellular phone without Plaintiff's consent is also an unfair and/or deceptive practice.

91. Defendant's practice of transmitting and/or assisting in the transmission of electronic commercial text messages to Plaintiff's cellular phone is conduct that affects the public interest and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the Consumer Protection Act, RCW 19.86.010, et seq.

92. Defendant conducted these practices in the scope of their trade and in furtherance of the development and preservation of such business services.

93. Defendant's violations of the Consumer Protection Act are intentional, willful, and subject to treble damages under RCW 19.86.010, *et seq.*

94. Plaintiff has suffered injuries, including injuries to their business and/or property, as a direct result of Defendant's numerous violations of RCW 19.86.010, *et seq.*

95. Defendant's practices have caused and, if unabated, will continue to cause incidents, occurrences, and conduct which violate RCW 19.86.010, *et seq.*, and RCW 19.190.010, *et seq.*

96. Plaintiff is entitled to recover damages for each of the Defendant's violations of RCW 19.86.010, *et seq.*

97. Plaintiff is further entitled to recover damages for each of the Defendant's violations under RCW 19.190.010, *et seq.*, in amounts set forth by law and otherwise in accord with proof to be provided at trial.

98. Plaintiff will continue to be damaged if Defendant is not compelled to cease and desist its unlawful conduct and its unfair, deceptive, and unlawful practices.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

99. Plaintiff is further entitled to all attorneys' fees, costs, and treble damages as allowed by RCW 19.86.010, *et seq.*, and as otherwise permitted by law.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A. For an order declaring that this action may be maintained as a class action pursuant to Federal Rules of Civil Procedure Rule 23, and for an order certifying this case as a class action and appointing Plaintiff as representatives of the Classes;

B. A declaration that Defendant's actions, as described herein, violate the law described herein, specifically the TCPA, the Washington State Commercial Electronic Mail Act, and the Washington Consumer Protection Act.

C. An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful acts described above;

D. For judgment for Plaintiff and the Classes on their claims in an amount to be proven at trial, for compensatory damages caused by Defendant's practices; along with statutory damages in the amount of $500 and exemplary damages in the amount of $1,500 to each member of the National Class for each violation, pursuant to 47 U.S.C. §227(b)(3); and treble damages to each member of the Washington Class, pursuant to the Washington Consumer Protection Act;

E. For pre-judgment and post-judgment interest as provided for by law or allowed in equity;

F. For an order awarding Plaintiff and the Classes their attorneys' fees and costs; and

G. Such other and further relief as may appear necessary and appropriate.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**VIII. DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

DATED this 15th day of June, 2016.

KELLER ROHRBACK L.L.P.

By: s/Mark A. Griffin
By: s/Karin B. Swope
Mark A. Griffin, WSBA #16296
Karin B. Swope, WSBA #24015
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384
Email: mgriffin@kellerrohrback.com
Email: kswope@kellerrohrback.com

ZIMMERMAN REED, LLP
June P. Hoidal (not admitted in WA)
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612)341-0844
Email: June.Hoidal@zimmreed.com

*Attorneys for Plaintiff*