1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT,**
**WESTERN DISTRICT OF WASHINGTON**

9
10
11

| | |
|---|---|
| NOAH WICK on behalf of himself and all others similarly situated, | Civil Action No. 2:16-cv-00914 RSL |
| *Plaintiff*, | **DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY** |
| v. | |
| TWILIO INC., | |
| Defendant. | |

12
13
14
15
16
17

Pursuant to Local Civil Rule 7(n), Defendant Twilio Inc. ("Twilio") respectfully submits the

following supplemental authority for the Court's consideration:

1. *Aderhold v. Car2Go N.A. LLC*, No. 14-35208, 2016 WL 4709873, at *1 (9th Cir.

Sept. 9, 2016) (affirming the district court's conclusion that, by providing his phone number in his

application for membership, the plaintiff expressly consented to receiving text messages related to

the application process).  Defendant offers this supplemental authority in support of the arguments

made in Section I.A (Article III's injury requirement) and Section III (express consent) of its Motion

to Dismiss Plaintiff's First Amended Complaint. (ECF Dkt. #28).

18
19
20
21
22
23
24
25
26
27
28

**BADGLEY MULLINS TURNER, PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TELEPHONE: 206.621.6566

2.      *Supply Pro Sorbents, LLC v. Ringcentral, Inc.,* No. C 16-02113 JSW, 2016 WL 5870111, at *3 (N.D. Cal. Oct. 7, 2016) (holding that the plaintiff did not adequately allege an Article III injury where it alleged only general injuries that are true of any unsolicited fax, rather than specific injuries actually suffered by the plaintiff).  Defendant offers this supplemental authority in support of the arguments made in Section I.A (Article III's injury requirement) of its Motion to Dismiss Plaintiff's First Amended Complaint. (ECF Dkt. #28).

3.      *Ewing v. SQM US, Inc.,* 3:16-CV-1609-CAB-JLB, 2016 WL 5846494, at *2 (S.D. Cal. Sept. 29, 2016) (holding that the plaintiff did not adequately allege an Article III injury because he could not allege that the defendants' use of an ATDS to dial his number caused him to incur a charge that he would not have incurred had defendants manually dialed his number, which would not have violated the TCPA).  Defendant offers this supplemental authority in support of the arguments made in Section I.A (Article III's injury requirement) of its Motion to Dismiss Plaintiff's First Amended Complaint. (ECF Dkt. #28).

Dated this 27th day of October 2016

Respectfully submitted,

/s/  Duncan C. Turner
Duncan C. Turner, WSBA #20957
BADGLEY MULLINS TURNER
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone: (206) 621-6566
Facsimile: (206) 621-9686
Email: dturner@badgleymullins.com

Michael B. Hazzard (pro hac vice)
James W. Uthmeier (pro hac vice)
Kaytlin L. Roholt (pro hac vice)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY- 2
Case No.  2:16-cv-00914 RSL

**BADGLEY MULLINS TURNER, PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TELEPHONE: 206.621.6566

Telephone: (202) 879-3829
Facsimile: (202) 626-1700
Counsel for Defendant,
TWILIO INC.


**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of October, 2016, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, causing it to be served on all registered users.

/s/ Duncan C. Turner
Duncan C. Turner, WSBA #20957

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY- 3
Case No.  2:16-cv-00914 RSL

**BADGLEY MULLINS TURNER, PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TELEPHONE: 206.621.6566

FILED

**NOT FOR PUBLICATION**

SEP 09 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC ADERHOLD, on his own behalf and on behalf of other similarly situated persons,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>CAR2GO N.A. LLC,<br><br>        Defendant-Appellee. | No.    14-35208<br><br>D.C. No. 2:13-cv-00489-RAJ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted September 2, 2016**
Seattle, Washington

Before:  HAWKINS, McKEOWN, and DAVIS,***  Circuit Judges.

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

        ***    The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Eric Aderhold appeals the district court's dismissal of his putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b).  Aderhold alleged that car2go N.A. LLC sent an automated commercial text message to his cellular phone as part of its registration process without his "prior express consent."  The text message required Aderhold to enter a validation code on car2go's website in order to complete the registration process that Adherhold had initiated.  We affirm the dismissal.

The Federal Communications Commission ("FCC") has determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, Report and Order*, 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992).  Aderhold therefore consented to receiving text messages related to the application process from car2go simply by providing his phone number in the application for membership.  Our opinion in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009), in which we held that "prior express consent" is "[c]onsent that is clearly and unmistakably stated," is not in conflict with the FCC's rulings.  The district court lacked jurisdiction under the Hobbs Act, 28

U.S.C. § 2342, to depart from the FCC's view of the statute.  *See U.S. W. Commc'ns, Inc. v. Jennings*, 304 F.3d 950, 958 n.2 (9th Cir. 2002).

We also affirm the district court's holding that the text message in question was not a "telemarketing" message.  *See* 47 C.F.R. § 64.1200(f)(12).  A message is characterized as  "telemarketing" if it is issued "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services."  *Id.*  We approach the question of the purpose of a message "with a measure of common sense."  *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012). Car2go's message contains no content encouraging purchase of car2go services. The message was directed instead to completing the registration process initiated by Aderhold and to validating personal information.  We follow the FCC's determination that such messages, "whose purpose is to facilitate, complete, or confirm a commercial transaction that the recipient has previously agreed to enter into with the sender are not advertisements."  *See In re Rules & Regs. Implementing the Tel. Consum. Prot. Act of 1991*, 21 FCC Rcd. 3787, 3812 ¶ 49 (Apr. 5, 2006).

**AFFIRMED.**

Supply Pro Sorbents, LLC v. RingCentral, Inc., No. C 16-02113 JSW, 2016 BL 337080 (N.D. Cal. Oct. 07, 2016), Court Opinion

Pagination
*   BL

Majority Opinion >



UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUPPLY PRO SORBENTS, LLC, Plaintiff, v. RINGCENTRAL, INC., Defendant.

No. C 16-02113 JSW

October 7, 2016, Filed October 7, 2016, Decided

For Supply Pro Sorbents, LLC, Plaintiff: David Max Oppenheim, Bock, Hatch, Lewis & Oppenheim, LLC, Chicago, IL; Phillip Andrew Bock, PRO HAC VICE, Bock and Hatch LLC, Chicago, IL; Tod Allen Lewis, Bock, Hatch, Lewis Oppeneheim, LLC, Chicago, IL; Denise Lissette Diaz, DIAZ LAW, Chula Vista, CA.

For RingCentral, Inc., Defendant: Mary Ann L. Wymore, LEAD ATTORNEY, Greensfelder, Hemker & Gale, P.C., St. Louis, MO.

JEFFREY S. WHITE, UNITED STATES DISTRICT JUDGE.

JEFFREY S. WHITE

## ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING AS MOOT MOTION TO STAY

Now before the Court are the motion to dismiss and the motion to dismiss or to stay this action pursuant to the doctrine of primary jurisdiction filed by Defendant RingCentral, Inc. ("Defendant"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court HEREBY GRANTS Defendant's motion to dismiss the complaint with leave to amend and DENIES the motion to dismiss or to stay this action as moot without prejudice to refiling.

## BACKGROUND

Supply Pro Sorbents, LLC ("Plaintiff") brings this action on behalf of itself and purportedly on behalf all others similarly situated, challenging Defendant's practice of adding unsolicited advertising information to the single line identifier on the bottom of the cover page of documents sent by facsimile. (Complaint ¶ 1.) Defendant operates a cloud-based business communications service. ( *Id.* at ¶ 2.) As a part of that service, Defendant provides its users with a system to send and receive faxes and provides form fax cover sheets for the users' selection. ( *Id.* at ¶¶ 2, 21.)

On or about April 13, 2016, Plaintiff received a fax ("Subject Fax") which included a cover sheet with an identifier that contains Defendant's logo and a single line of text which states "Send and receive faxes with RingCentral, www.ringcentral.com ." ( *Id.* at ¶¶ 14, 16; Ex. A.) Although Defendant provides several cover sheets for its users' selection, Plaintiff alleges each of them includes the same unsolicited one-line identifier at the bottom. Plaintiff claims



© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Supply Pro Sorbents, LLC v. RingCentral, Inc., No. C 16-02113 JSW, 2016 BL 337080 (N.D. Cal. Oct. 07, 2016), Court Opinion

that the unsolicited message constitutes advertising in violation of the Telephone Consumer Protection Act, 47 U.S.C. Section 227 (the "TCPA") which prohibits a person from sending any advertisement by facsimile without the recipient's prior express invitation or permission. ( *Id.* at ¶ 3, 37-53.) Plaintiff also alleges a second cause of action for conversion, claiming that by sending unsolicited faxes to Plaintiff and other class members, Defendant improperly and unlawfully converted their fax machines, toner and paper, and Plaintiff's employee time to its own use. ( *Id.* at ¶ 56.)

Defendant moves to dismiss the TCPA claim based on lack of standing and the conversion claim based on failure to state a claim upon which relief can be granted. In a separate motion, Defendant moves to dismiss or to stay this action pursuant to the doctrine **[\*2]** of primary jurisdiction. Defendant has filed a Petition for Expedited Declaratory Ruling with the Federal Communications Commission ("FCC") seeking clarification of the term "sender" under 47 C.F.R. Section 64.1200(f)(10) and to clarify the precise scope of "non-advertisement communications with incidental or *de minimus* advertising information." (*See* Motion to Stay, Ex. A.)

The Court shall address other specific facts in the remainder of its order.

## ANALYSIS

### A. Legal Standards on a Motion to Dismiss.

The Court evaluates the motion to dismiss for lack of Article III standing pursuant to Rule 12(b)(1) . *See White v. Lee*, 227 F.3d 1214 , 1242 (9th Cir. 2000). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035 , 1039 (9th Cir. 2004). Here, Defendant raises a facial challenge to Plaintiff's standing. Therefore, the Court "must accept as true all material allegations in the complaint, and must construe the complaint in" Plaintiff's favor. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115 , 1121-22 (9th Cir. 2010); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555 , 561 , 112 S. Ct. 2130 , 119 L. Ed. 2d 351 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion dismiss, [courts] presume that general allegations embrace those specific facts that are necessary to support the claim.") (internal cite and quotations omitted).

"The jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle Props., Inc. v. County of San Luis Obispo*, 548 F.3d 1184 , 1189 n.10 (9th Cir. 2008). Thus, the fact that a plaintiff may allege facts that, at the pleading stage, satisfy the requirements for Article III standing does not mean these same facts would be sufficient to state a claim. *See Doe v. Chao*, 540 U.S. 614 , 624-25 , 124 S. Ct. 1204 , 157 L. Ed. 2d 1122 (2004); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705 , 712 n.5 (N.D. Cal. 2011) (quoting *Doe*, 540 U.S. at 624-25 ).

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41 , 45-46 , 78 S. Ct. 99 , 2 L. Ed. 2d 80 (1957). Thus, dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69 , 73 , 104 S. Ct. 2229 , 81 L. Ed. 2d 59 (1984). The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478 , 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752 , 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265 , 286 , 106 S. Ct. 2932 , 92 L. Ed. 2d 209 (1986)).

### B. Article III Standing.

The Court lacks jurisdiction to hear cases that do not present a justiciable case or controversy. Indeed, no principle is more fundamental to the role of the judiciary than the "constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811 , 818 , 117 S. Ct. 2312 , 138 L. Ed. 2d 849 (1997). A party seeking to invoke the federal court's jurisdiction bears the burden of demonstrating **[\*3]** that he has standing to sue. *See Lujan*, 504 U.S. at 561 . To satisfy the constitutional requirements to establish standing, a plaintiff must



© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Supply Pro Sorbents, LLC v. RingCentral, Inc., No. C 16-02113 JSW, 2016 BL 337080 (N.D. Cal. Oct. 07, 2016), Court Opinion

demonstrate: (1) that he has "suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical;" (2) that the injury was caused by, or is "fairly . . . trace[able] to the challenged action of the defendant;" and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 560-61 (citations omitted). If the plaintiff fails to satisfy the constitutional requirements to establish standing, the Court lacks jurisdiction to hear the case and must dismiss the complaint. See Valley Forge Christian Col. v. Americans United for Separation of Church and State, 454 U.S. 464 , 475-76 , 102 S. Ct. 752 , 70 L. Ed. 2d 700 (1982). The plaintiff bears the burden of establishing these elements. FW/PBS, Inc. v. Dallas, 493 U.S. 215 , 231 , 110 S. Ct. 596 , 107 L. Ed. 2d 603 (1990); see also San Diego County Gun Rights Comm v. Reno, 98 F.3d 1121 , 1126 (9th Cir. 1996). Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element. Warth v. Seldin, 422 U.S. 490 , 518 , 95 S. Ct. 2197 , 45 L. Ed. 2d 343 (1975).

Here, Defendant challenges the claims that Plaintiff has suffered an injury-in-fact as is required to demonstrate standing to sue. Defendant also alleges that Plaintiff cannot demonstrate that any alleged injury was fairly traceable to Defendant's conduct and not the result of some independent action from a third party. The Court shall address each argument in turn.

## 1. Injury.

The TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(a)(1)(C) . The Act provides a private right of action, permitting plaintiffs to seek (1) to enjoin a violation of the Act; (2) to recover for actual monetary loss from such a violation or to receive $500, whichever is greater; or (3) both (1) and (2). 47 U.S.C. § 227(b)(3) . However, in order to have standing to allege a violation of this provision of the TCPA, a plaintiff must allege more than a mere statutory violation. Spokeo, Inc v. Robins, 136 S. Ct. 1540 , 1549 , 194 L. Ed. 2d 635 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation"). For this reason, Plaintiff may not "allege a bare procedural violation, divorced from any real harm, and satisfy the injury-in-fact requirement of Article III." Id . (citing Summers v. Earth Island Institute, 555 U.S. 488 , 496 , 129 S. Ct. 1142 , 173 L. Ed. 2d 1 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing.").

Here, the Court finds that Plaintiff has failed to meet the constitutional requirements to establish standing to sue. Plaintiff has not demonstrated that it has actually suffered an injury-in-fact which is concrete and imminent, and not conjectural or hypothetical. In order to establish an injury-in-fact, "the injury plaintiff alleges must be unique to that plaintiff, one in which he has a 'personal stake' in the outcome of a litigation seeking to remedy that harm." Schmier v. United States Court of Appeals for the Ninth Circuit, 279 F.3d 817 , 821 (9th Cir. 2002). Plaintiff [*4] has failed to articulate any unique and concrete injury — beyond merely alleging a statutory violation — that was caused by the incidental transmission of an identifier at the bottom of a four-page facsimile.

In its complaint, Plaintiff alleges that "[u]nsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else, A junk fax interrupts the recipient's privacy. Unsolicited faxes tie up telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient's fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message." (Complaint at ¶¶ 7, 52.) Although these facts may generally be true of unsolicited fax advertisements, it is not clear how Plaintiff alleges it specifically suffered these particular harms from the single line identifier on the optional cover sheet of a solicited four-page fax it received. In addition, in its opposition to the motion to dismiss, Plaintiff merely identifies its injury as the alleged statutory infraction. That is insufficient for the purpose of alleging Article III standing. Accordingly, without Plaintiff establishing standing to sue, the Court must GRANT the motion to dismiss. Although it is not clear how Plaintiff could identify sufficient injury-in-fact to rise to the level of constitutional standing, the Court GRANTS Plaintiff leave to amend to allege facts in support of a specific and cognizable injury-in-fact it alleges to have suffered.

## 2. Traceability.



© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Supply Pro Sorbents, LLC v. RingCentral, Inc., No. C 16-02113 JSW, 2016 BL 337080 (N.D. Cal. Oct. 07, 2016), Court Opinion

The second contested element to establish standing to sue is the injury must have been caused by or is fairly traceable to the challenged action of the defendant. *See Lujan*, 504 U.S. at 560-61. Defendant contends that it does not serve as a "sender" of the Subject Fax and cannot therefore have caused the harm (or fall under the statutory provisions of the TCPA). The TCPA and the FCC's regulations implementing the Act provide that a person may not send an unsolicited advertisement. "In 2006, the FCC promulgated in the Code of Federal Regulations a definition describing who can be held liable as the 'sender' of a fax advertisement . . . The codified definition provides that '[t]he term sender . . . means the person or entity [1] on whose behalf a facsimile unsolicited advertisement is sent or [2] whose goods or services are advertised or promoted in the unsolicited advertisement.'" *Siding and Insulation Co. v. Alco Vending, Inc.*, 822 F.3d 886, 891 (6th Cir. 2016) (citing 47 C.F.R. § 64.1200(f)(10) ).

Defendant operates a cloud-based business communications service. (Complaint at ¶ 2.) As part of that service, Defendant "provides form fax cover sheets to be used with outgoing faxes." ( *Id.*) Defendant contends that the choice of fax cover sheet and the Subject Fax itself was sent on behalf of one of Defendant's users, not by Defendant directly. Defendant argues that Plaintiff was going to receive the Subject Fax regardless whether [*5] the cover sheet was one the user chose or created. (Motion at 5.) In this instance, the preoccupation with the Plaintiff's fax line was not caused by the disputed identifier, but rather by the third party's solicited message that Plaintiff would have received regardless of the one-line identifier. On these alleged facts, Defendant contends that the transmission of the fax was the "result of the independent action of some third party not before the court." ( Id. at 6, citing *Native Village of Kivalina v. ExxonMobil Corp.*, 663 F. Supp. 2d 863, 878 (N.D. Cal. 2009)).

However, the Court finds that the definition of "sender" in the operative regulations permits the inclusion of Defendant and its services under the facts as currently alleged. The regulations provide that the term "sender" may include one "whose goods or services are advertised or promoted in the unsolicited advertisement.'" 47 C.F.R. § 64.1200(f)(10). Because the Court finds that the identifier promotes Defendant's services, the Court finds this allegation sufficient to permit Defendant to fall with the statutory definition of sender, regardless of the participation of the third party user in the transaction.1

Because the Court finds that Plaintiff lacks standing to allege its claims under the FTCA for lack of allegations of suffering an actual injury-in-fact, the Court GRANTS Defendant's motion to dismiss the first claim for relief with leave to amend.

## C. Conversion Claim.

Conversion is the "unauthorized and wrongful assumption and exercise of dominion and control over the personal property or another, to the exclusion of or inconsistent with the owner's rights." *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971). To state a claim for conversion under either Texas or California law, a plaintiff must allege: (1) plaintiff was entitled to possession of the property; (2) defendant unlawfully or without authorization assumed and exercised dominion over the property to the exclusion of, or inconsistent with, plaintiff's rights; (3) plaintiff made a demand for the property; and (4) defendant refused to return it. *See, e.g., Wise v. SR Dallas, LCC*, 436 S.W.3d 402, 412 (Tex. App. 2014); *see also Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066, 80 Cal. Rptr. 2d 704 (1998) ("The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.").

Plaintiff alleges that "[b]y sending unsolicited faxes to Plaintiff and the other Class members, [Defendant] improperly and unlawfully converted their fax machines, toner and paper to [Defendant's] own use. [Defendant] also converted Plaintiff's employees time to its own use." (Complaint at ¶ 56.) Even if the Court accepts the minimal use of Plaintiff's paper and toner and employee time used on the single-line identifier of the cover sheet of a four-page fax qualifies as unauthorized use of the Plaintiff's property, such property never came into Defendant's possession or was unlawfully held in such a way as to indicate that Defendant "assumed control, dominion or ownership of the property." *Rossario's Fine Jewelry, Inc. v. Paddock Publ'n., Inc.*, 443 F. Supp. 2d 976, 980 (N.D. Ill. 2006) (quoting *Cirrincione v. Johnson*, 184 Ill.2d 109, 114-15, 703 N.E.2d 67, 234 Ill. Dec. 455 (1998)). Also, as addressed by the Court in the first cause of action under the TCPA, it is unclear what damage Plaintiff alleges it suffered as a result of

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Supply Pro Sorbents, LLC v. RingCentral, Inc., No. C 16-02113 JSW, 2016 BL 337080 (N.D. Cal. Oct. 07, 2016), Court Opinion

Defendant's conduct. Accordingly, the Court GRANTS Defendant's motion to dismiss the second cause of action for conversion with leave to amend.

CONCLUSION

Based on the foregoing reasons, the Court GRANTS Defendant's motion to dismiss with leave to amend and DENIES Defendant's motion to stay this action pursuant to the doctrine of primary jurisdiction without prejudice to refiling.

The Court provides Plaintiff with leave to amend. Plaintiff shall file its amended complaint, if any, within twenty days of the date of this Order. If Plaintiff files an amended complaint in accordance with this Order, Defendant shall either file its response within twenty days of service of the amended complaint.

**IT IS SO ORDERED**.

Dated: October 7, 2016

/s/ Jeffrey S. White

JEFFREY S. WHITE

UNITED STATES DISTRICT JUDGE

---

fn 1

The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5) . The question whether the small percentage of advertising on an otherwise solicited fax constitutes an unsolicited advertisement is also the subject of Defendant's pending petition to the FCC. Should the find that Plaintiff has standing, the Court would then address the motion to stay in pursuant to the doctrine of primary jurisdiction. However, at this procedural posture, the Court finds the motion to stay moot and it is therefore DENIED with prejudice to refiling should Plaintiff allege sufficient facts to establish standing under the FTCA claim.

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Supply Pro Sorbents, LLC v. RingCentral, Inc., No. C 16-02113 JSW, 2016 BL 337080 (N.D. Cal. Oct. 07, 2016), Court Opinion

# General Information

| | |
|---|---|
| **Judge(s)** | JEFFREY STEVEN WHITE |
| **Related Docket(s)** | 4:16-cv-02113 (N.D. Cal.); |
| **Topic(s)** | Torts; Civil Procedure; Communications & Media |
| **Industries** | Business Services |
| **Date Filed** | 2016-10-07 00:00:00 |
| **Parties** | SUPPLY PRO SORBENTS, LLC, Plaintiff, v. RINGCENTRAL, INC., Defendant. |
| **Court** | United States District Court for the Northern District of California |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Case 2:16-cv-00914-RSL   Document 33   Filed 10/27/16   Page 13 of 21

Supply Pro Sorbents, LLC v. RingCentral, Inc., No. C 16-02113 JSW, 2016 BL 337080 (N.D. Cal. Oct. 07, 2016), Court Opinion

Supply Pro Sorbents, LLC v. RingCentral, Inc., No. C 16-02113

JSW, 2016 BL 337080 (N.D. Cal. Oct. 07, 2016), Court Opinion

## Direct History

1   **Supply Pro Sorbents, LLC v. RingCentral, Inc., No. C 16-02113 JSW, 2016 BL 337080 (N.D. Cal. Oct. 07, 2016)**
*motion denied, motion to dismiss granted, order entered*

| Direct History Summary | |
|---|---|
| ⚠ Caution | 0 |
| ▬ Negative | 0 |
| Total | 0 |

## Case Analysis

No Treatments Found

| Case Analysis Summary | |
|---|---|
| ✚ Positive | 0 |
| ☑ Distinguished | 0 |
| ⚠ Caution | 0 |
| ▬ Superseded | 0 |
| ▬ Negative | 0 |
| Total | 0 |

## Table Of Authorities ( 27 cases )

1   Cited , Quoted   Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 194 L. Ed. 2d 635, 2016 ILRC 1873, 84 U.S.L.W. 4263 (2016)

2   Cited , Quoted   Siding & Insulation Co. v. Alco Vending, Inc., 822 F.3d 886 (6th Cir. 2016)

3   Cited , (See, e.g.)   Wise v. SR Dall., LLC, 436 S.W.3d 402 (Tex. App.-Dallas 2014)

4   Cited , (See)   In re Facebook Privacy Litig., 791 F. Supp. 2d 705, 2011 ILRC 1829, 32 ILRD 91 (N.D. Cal. 2011)

5   Cited , Quoted   Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115 (9th Cir. 2010)

6   Cited   Native Vill. of Kivalina v. ExxonMobil Corp., 663 F. Supp. 2d 863, 70 ERC 2154 (N.D. Cal. 2009)

7   Cited , Quoted   Summers v. Earth Island Institute, 555 U.S. 488, 129 S. Ct. 1142, 173 L. Ed. 2d 1, 67 ERC 1961, 77 U.S.L.W. 4146 (2009)

8   Cited , Quoted   Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo, 548 F.3d 1184 (9th Cir. 2008)

9   Cited   Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc., 443 F. Supp. 2d 976 (N.D. Ill. 2006)

10   Cited , Quoted   Safe Air for Everyone v. Meyer, 373 F.3d 1035, 58 ERC 1979 (9th Cir. 2004)

| Authorities Summary | |
|---|---|
| ✚ Positive | 27 |
| ☑ Distinguished | 0 |
| ⚠ Caution | 0 |
| ▬ Superseded | 0 |
| ▬ Negative | 0 |
| Total | 27 |

© 2016 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

Supply Pro Sorbents, LLC v. RingCentral, Inc., No. C 16-02113 JSW, 2016 BL 337080 (N.D. Cal. Oct. 07, 2016), Court Opinion

## Table Of Authorities ( 27 cases )

| 11 | ✚ ▮▯▯▯ Cited , Quoted | 🔷 Doe v. Chao, 540 U.S. 614, 124 S. Ct. 1204, 157 L. Ed. 2d 1122, 15 ILRD 400, 2004 ILRC 1221, 72 U.S.L.W. 4178 (2004) |
|---|---|---|
| 12 | ✚ ▮▯▯▯ Cited , Quoted | 🔷 Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817 (9th Cir. 2002) |
| 13 | ✚ ▮▯▯▯ Cited , (See) | 🔷 White v. Lee, 227 F.3d 1214 (9th Cir. 2000) |
| 14 | ✚ ▮▯▯▯ Cited , (See also) , Quoted | 🔷 Burlesci v. Petersen, 68 Cal.App.4th 1062, 80 Cal.Rptr.2d 704 (App. 1st Dist. 1998) |
| 15 | ✚ ▮▯▯▯ Cited , Quoted | 🔷 Cirrincione v. Johnson, 184 Ill. 2d 109, 234 Ill. Dec. 455, 703 N.E.2d 67 (1998) |
| 16 | ✚ ▮▯▯▯ Cited , Quoted | 🔷 Raines v. Byrd, 521 U.S. 811, 117 S. Ct. 2312, 138 L. Ed. 2d 849, 65 U.S.L.W. 4705 (1997) |
| 17 | ✚ ▮▯▯▯ Cited , (See also) | 🔷 San Diego Cnty. Gun Rights Comm. v. Reno, 98 F.3d 1121 (9th Cir. 1996) |
| 18 | ✚ ▮▯▯▯ Cited | ✚ Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994) |
| 19 | ✚ ▮▯▯▯ Cited , Quoted | 🔷 Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351, 34 ERC 1785 (1992) |
| 20 | ✚ ▮▯▯▯ Cited | ⬛ FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990) |
| 21 | ✚ ▮▯▯▯ Cited | 🔷 Sanders v. Kennedy, 794 F.2d 478 (9th Cir. 1986) |
| 22 | ✚ ▮▯▯▯ Cited | 🔷 Papasan v. Allain, 478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) |
| 23 | ✚ ▮▯▯▯ Cited , Quoted | 🔷 Hishon v. King & Spalding, 467 U.S. 69, 104 S. Ct. 2229, 81 L. Ed. 2d 59, 34 FEP Cases 1406 (1984) |
| 24 | ✚ ▮▯▯▯ Cited , (See) | 🔷 Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982) |
| 25 | ✚ ▮▯▯▯ Cited , Quoted | 🔷 Warth v. Seldin, 422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) |
| 26 | ✚ ▮▯▯▯ Cited , Quoted | ✚ Waisath v. Lack's Stores, Inc., 474 S.W.2d 444 (Tex. 1971) |
| 27 | ✚ ▮▯▯▯ Cited | ⬛ Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80, 41 LRRM 2089, 9 FEP Cases 439 (1957) |

Supply Pro Sorbents, LLC v. RingCentral, Inc., No. C 16-02113 JSW, 2016 BL 337080 (N.D. Cal. Oct. 07, 2016), Court Opinion

Bloomberg Law®

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTON EWING, | Case No.:  3:16-CV-1609-CAB-JLB |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| SQM US, INC. et al.,, | |
| Defendants. | [Doc. No. 14] |

This matter is before the Court on Defendants' motion to dismiss for lack of standing.  The motion has been fully briefed and the Court deems it suitable for submission without oral argument.  For the following reasons, the motion is granted and the first amended complaint ("FAC") is dismissed with prejudice.

## I.    Allegations in the Complaint

The factual allegations in the FAC are straightforward.  On October 21, 2015, Defendants allegedly called Plaintiff's cellular telephone one time using an automatic telephone dialing system ("ATDS").  [Doc. No. 8 at ¶¶ 15-18.]  The telephone number that Defendants allegedly called was "assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1)."  [*Id*. at ¶ 19.]  Plaintiff alleges that he did not provide his cellular telephone number to Defendants or give them permission to call his cellular telephone.  [*Id*. at ¶ 21.]

1

1    Based on this single alleged telephone call, Plaintiff asserts claims for negligent and

2    willful violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

3    Plaintiff also seeks to represent a class consisting of others who received telephone calls

4    made with an ATDS to their cellular telephones without their consent within the four years

5    prior to the filing of the complaint.

6    ## II.   Legal Standard

7    Defendants bring their motion to dismiss for lack of subject matter jurisdiction under

8    Federal Rule of Civil Procedure 12(b)(1).  "A Rule 12(b)(1) jurisdictional attack may be

9    facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

10   Defendants state they are making a facial attack, meaning they assert "that the allegations

11   contained in [the FAC] are insufficient on their face to invoke federal jurisdiction." *Id*.

12   "The district court resolves a facial attack as it would a motion to dismiss under Rule

13   12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences

14   in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal

15   matter to invoke the court's jurisdiction." *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th

16   Cir. 2014).

17   ## III.   Discussion

18   Defendants argue that Plaintiff lacks standing to sue because he has not suffered a

19   concrete injury caused by the alleged TCPA violation.  The standing to sue doctrine is

20   derived from Article III of the Constitution's limitation of the judicial power of federal

21   courts to "actual cases or controversies." *Spokeo v. Robins*, 136 S.Ct. 1540, 1547 (2016)

22   (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).  "The doctrine limits the category of

23   litigants empowered to maintain a lawsuit in federal court to seek redress for a legal

24   wrong." *Id*.  "[T]he 'irreducible constitutional minimum' of standing consists of three

25   elements.  The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable

26   to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

27   favorable judicial decision." *Id*. (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-

28   61 (1992)).  This case primarily concerns the first element.

The first element, injury in fact, "is a constitutional requirement, and 'it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Spokeo*, 136 S.Ct. at 1547-48 (quoting *Raines*, 521 U.S. at 820, n.3). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (quoting *Lujan*, 504 U.S. at 560). "'For an injury to be "particularized," it 'must affect the plaintiff in a personal and individual way.'" *Id*. (quoting *Lujan*, 504 U.S. at 560, n.1). Meanwhile, "[a] 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id*. (citing Black's Law Dictionary 479 (9th ed. 2009)). Therefore, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. at 1549. A "bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Id*.

"The party invoking federal jurisdiction bears the burden of establishing these elements. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e*., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561 (internal citations omitted). Here, because Defendants make only a facial attack on standing in connection with their motion to dismiss, the Court only considers whether, assuming the truth of the allegations in the FAC, Plaintiff has Article III standing.[1]

---

[1] Despite framing their motion as a facial attack, Defendants make several arguments based on the context of and reason for the telephone call constituting the TCPA violation, and about Plaintiff's litigious nature. None of these arguments are based on allegations in the FAC, so the Court did not consider them in arriving at its decision here.

3

1      The only allegation in the FAC that arguably relates to any injury to Plaintiff is the

2 claim that the cellular telephone Defendants' called is "assigned to a cellular telephone

3 service for which Plaintiff incurs a charge for incoming calls."  This phrasing mimics the

4 language of the TCPA, which makes it unlawful to make a call using an ATDS "to any

5 telephone number assigned to a . . . cellular telephone service . . . for which the called party

6 is charged for the call . . . ."  47 U.S.C. § 227(b)(1)(A)(iii).  For the purposes of this motion,

7 the Court assumes that Plaintiff is alleging that he actually incurred a specific charge for

8 Defendants' call to his cellular telephone.

9      Even with this assumption, the FAC does not adequately allege standing because it

10 does not, and cannot, connect this claimed charge with the alleged TCPA violation—

11 Defendants' use of an ATDS to dial his cellular telephone number.  Put differently, Plaintiff

12 does not, and cannot, allege that Defendants' use of an ATDS to dial his number caused

13 him to incur a charge that he would not have incurred had Defendants manually dialed his

14 number, which would not have violated the TCPA.  Therefore, Plaintiff did not suffer an

15 injury in fact traceable to Defendants' violation of the TCPA and lacks standing to make a

16 claim for the TCPA violation here.

17      Notably, in his opposition brief, Plaintiff does not even argue that the alleged charge

18 he incurred as a result of the call was a sufficient injury in fact to establish standing.

19 Instead, Plaintiff's only arguments supporting the existence of standing are premised on

20 purported injuries or harm that are not alleged in the FAC.  Specifically, Plaintiff argues

21 that he "sustained injury when he had to waste time answering and addressing the robo-

22 call," and that he was injured insofar as the call depleted his phone's battery, requiring him

23 to recharge it.[2]  [Doc. No. 19 at 14-15.]

24

25

26

_____

27 [2] The FAC's allegation that it "expressly is not intended to request any recovery for personal injury and

28 claims related thereto" [Doc. No. 8 at ¶ 27] effectively disclaims these injuries that Plaintiff now argues support standing in opposition to the instant motion.

Even if the Court were to grant Plaintiff leave to amend to include these purported injuries that were not alleged in the FAC, Plaintiff would not overcome a facial attack on standing. As with the charge Plaintiff allegedly incurred because of the call, these injuries are not connected to Defendants' alleged use of an ATDS to dial his number. "A plaintiff who would have been no better off had the defendant refrained from the unlawful acts of which the plaintiff is complaining does not have standing under Article III of the Constitution to challenge those acts in a suit in federal court." *McNamara v. City of Chicago*, 138 F.3d 1219, 1221 (7th Cir. 1998). Here, Mr. Ewing would have been no better off had Defendants dialed his number manually (in which case they would have refrained from violating the TCPA). He would have had to expend the same amount of time answering and addressing Defendants' manually dialed telephone call and would have incurred the same amount of battery depletion. Further, that the use of an ATDS may have allowed Defendants to place a greater number of calls more efficiently did not cause any harm to Plaintiff. *See Silha v. ACT, Inc.*, 807 F.3d 169, 174-75 (7th Cir. 2015) ("[A] plaintiff's claim of injury in fact cannot be based solely on a defendant's gain; it must be based on a plaintiff's loss.").

In sum, to use the language from *Spokeo*, Plaintiff's alleged concrete harm (and the harm he argued in his opposition but did not allege in the FAC) was divorced from the alleged violation of the TCPA. *See Spokeo*, 136 S.Ct. at 1549 (holding that "a bare procedural violation, divorced from any concrete harm, [does not] satisfy the injury-in-fact requirement of Article III"). Accordingly, Plaintiff has not and cannot satisfy the standing to sue requirements of Article III.

## IV.    Conclusion

For the foregoing reasons, Plaintiff has not alleged, and cannot plausibly allege, a concrete injury traceable to Defendants' alleged use of an ATDS to call his cellular telephone in violation of the TCPA. Defendants' motion to dismiss is therefore

1   **GRANTED** for lack of standing, and the first amended complaint is **DISMISSED WITH**

2   **PREJUDICE**.[3]

3          It is **SO ORDERED**.

4   Dated:  September 29, 2016

5                                                    _____

6                                                    Hon. Cathy Ann Bencivengo
                                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28
     [3] In light of this decision, Defendants' motion to strike [Doc. No. 13] is **DENIED AS MOOT**.