UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NOAH WICK on behalf of himself and all others similarly situated,<br><br>                                    Plaintiff,<br><br>        v.<br><br>TWILIO, INC.,<br><br>                                    Defendant. | No. 2:16-cv-00914<br><br>DECLARATION OF MARK A. GRIFFIN IN SUPPORT OF OPPOSITION TO DEFENDANT'S RULE 11 MOTION |

I, Mark A. Griffin, hereby declares as follows:

1.      I am a partner in the law firm of Keller Rohrback L.L.P. and one of the attorneys for the Plaintiff in this case. I am a member of the bar of this Court and am competent to testify to the matters stated herein.

2.      On July 13, 2016, Plaintiff's counsel participated in a Rule 26(f) conference with Michael Hazzard of Jones Day, one of the attorneys representing Defendant Twilio, Inc. in this action. Plaintiff's counsel raised the fact that Plaintiff was going to file an amended complaint.  Plaintiff filed the First Amended Complaint for Violations of the Federal Telephone Consumer Protection Act; Washington Consumer Protection Act; and Washington Commercial Electronic Email Act ("First Amended Complaint") on August 5, 2016 (ECF No. 22).  Mr. Hazzard did not mention any intention

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

to file a Rule 11 motion, either on the filed complaint, or in response to the First Amended Complaint. The first time he mentioned the filing of a Rule 11 motion was on November 18, 2016 after the Second Amended Complaint for Violations of the Federal Telephone Consumer Protection Act; Washington Consumer Protection Act; and Washington Commercial Electronic Email Act ("Second Amended Complaint") was filed on November 15, 2015 (ECF No. 35).

3.      Plaintiff hired a consulting expert in the telecommunications industry to review the Second Amended Complaint ("SAC") and check its factual and technological accuracy.  This consulting expert made many proposed revisions that were incorporated into the SAC. I interviewed Plaintiff and elicited additional facts to cure the deficiencies found by the Order regarding its telemarketing allegations. I also consulted with a legal ethics expert to confirm that Plaintiff and undersigned counsel had met their Rule 11 obligations.

4.      Defendant attached a copy of a November 18, 2016 letter from Mr. Hazard as Exhibit D to Twilo Inc.'s Motion For Rule 11 Sanctions ("Rule 11 Motion") (ECF No. 38).  Attached hereto as Exhibit 1 is a true and correct copy of my November 22, 2016 letter to Michael Hazzard responding to his letter.  Exhibit 1 is not attached to the Rule 11 Motion nor is it mentioned in that motion.

5.      Attached as Exhibit 2 is a true and correct copy of a letter I sent to Mr. Hazzard on December 27, 2016, excluding the copy of my November 22, 2016 letter that was an attachment to that letter.  Exhibit 2 is not attached to the Rule 11 Motion nor is it mentioned in that motion.

6.      Exhibit 2 was sent by email to Mr. Hazard, James W. Uthmeier, another attorney at Jones Day, and Duncan Turner, an attorney at Badgley Mullins Turner PLLC, all of the attorneys who have appeared to present Defendant in this matter.  Attached as Exhibit 3 hereto is a true and correct copy of the email that was sent to these attorneys transmitting my December 27, 2016 letter showing that the letter was sent at 11:47 AM on December 27, 2017.

DECLARATION OF MARK A. GRIFFIN IN SUPPORT OF
OPPOSITION TO DEFENDANT'S RULE 11 MOTION (16-00914)- 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

7.      The docket in this matter shows that Defendant filed the Rule 11 Motion at 2:44 PM on December 27, 2017, almost three hours after Exhibit 2 was sent.

8.      Despite the fact that Exhibit 2 specifically asks defense counsel to correct the statement in the draft Rule 11 Motion that "Plaintiff and his counsel did not respond or otherwise attempt to cure their sanctionable conduct within the 21 days provided under the Rule," the Rule 11 Motion as filed contains that false statement.

9.      Attached as Exhibit 4 is a true and correct copy of Twilio Inc.'s Motion for Sanctions filed in *Bauman v. Saxe Management LLC et al.*, No. 14-01125 RBF-PAL (D. Nev. filed July 9, 2014). As of the time of this declaration, the court has not ruled on this motion.

I declare under the penalty of perjury under the laws of the United States that for foregoing is true and correct.

DATED this 9th day of January, 2017 at Seattle, Washington.

*s/Mark A. Griffin*
Mark A. Griffin

DECLARATION OF MARK A. GRIFFIN IN SUPPORT OF
OPPOSITION TO DEFENDANT'S RULE 11 MOTION (16-00914)- 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 9, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, causing it to be served on all registered users:

KELLER ROHRBACK, LLP

By <u>*s/ Karin B. Swope*</u>
Karin B. Swope, WSBA #24015

DECLARATION OF MARK A. GRIFFIN IN SUPPORT OF
OPPOSITION TO DEFENDANT'S RULE 11 MOTION (16-00914)- 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384