1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

NOAH WICK on behalf of himself and all
others similarly situated,

11                     Plaintiff,

Case No.  C16-914RSL

12           v.

ORDER DENYING DEFENDANT'S
MOTION FOR RULE 11 SANCTIONS

13    TWILIO INC.,

14                     Defendant.

15

16

## I. INTRODUCTION

17    This matter comes before the Court on defendant's motion for sanctions pursuant to Fed.

18    R. Civ. P. 11 (Dkt. #38).  For the reasons set forth below, the Court finds oral argument

19    unnecessary and denies the motion.

20    ## II. BACKGROUND

21    In February 2016, plaintiff saw an advertisement for a nutritional supplement while

22    online.  Plaintiff understood the advertisement to offer a free sample of the supplement.  Plaintiff

23    followed the link to the website of the supplier, Crevalor, and entered his contact information but

24    then discovered no free samples remained.  He elected not to finish the transaction and closed

25    the browser.  Almost immediately, he received a phone call and a text message encouraging him

26    to divulge his credit card information and complete a transaction.

27

28    ORDER DENYING DEFENDANT'S
MOTION FOR RULE 11 SANCTIONS- 1

In June 2016, plaintiff filed a complaint in federal court alleging violations of the Federal Telephone Consumer Protection Act (TCPA) and other Washington statutes. Plaintiff's theory of the case is that defendant, a software company that provides services to online retailers like Crevalor, violated laws forbidding certain marketing practices. Defendant moved to dismiss the complaint in July 2016. Without responding, plaintiff filed an amended complaint in August 2016. Defendant again moved to dismiss the amended complaint, and the Court dismissed the complaint in November 2016.

In the order dismissing the complaint, the Court found that plaintiff had adequately consented to receive calls and messages related to customer service. Dkt. #34 at 1-2. The Court reasoned that the TCPA did not cover calls made with the prior express consent of the called party, provided that the call was not an advertisement or telemarketing. Id. at 3.[1] Knowingly giving one's phone number to another provides express consent for that party to call with messages that do not amount to advertisement or telemarketing. Id. at 3-4. Messages with instructions for how a potential customer may complete a process he or she initiated are not telemarketing. Id. at 4-5. The Court concluded the call and message sent to plaintiff, as pleaded, were not telemarketing and gave plaintiff leave to amend his complaint. Id. at 5, 8.

Plaintiff filed a second amended complaint two weeks after the dismissal. Defendant served notice of its intention to move for Rule 11 sanctions and filed its motion in late December.[2] Plaintiff's response to the motion includes a request for attorney's fees should they prevail on the Rule 11 motion. Dkt. #39 at 2.

### III. ANALYSIS

When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court

---

[1]     In order to escape liability under the TCPA, calls with advertisements or telemarketing require express *written* consent. Dkt. #34 at 3.

[2]     The parties do not dispute defendant complied with the procedural requirements of Rule 11.

ORDER DENYING DEFENDANT'S
MOTION FOR RULE 11 SANCTIONS- 2

must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually

baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and

competent inquiry before signing and filing it." Holgate v. Baldwin, 425 F.3d 671, 675-76 (9th

Cir. 2005) (internal quotations and citation omitted). "As shorthand for this test, we use the

word frivolous to denote a filing that is *both* baseless *and* made without a reasonable and

competent inquiry." Id. at 676 (source's emphasis) (internal quotations and citation omitted).

**A. Adequate Legal Basis**

Defendant argues plaintiff's second amended complaint is frivolous because it adds no

relevant facts to the dismissed complaint and advances the same legal theory. Dkt. #38 at 4-5.

In fact, defense counsel's position is that no new complaint could comply with Rule 11. Dkt.

#38 at 8. Plaintiff insists that no clear authority forecloses his new complaint and that the

changes reflected in the second amended complaint "are well grounded in existing law, or the

good faith extension of the law." Dkt. #39 at 6.

Plaintiff's second amended complaint makes allegations that differ in material ways from

those in the dismissed complaint. Those differences are responsive to the Court's order

dismissing the earlier complaint. For instance, plaintiff alleges the call and text message were

intended "to encourage plaintiff to purchase a product." Dkt. 40-1 at 22, ¶¶38-40. Plaintiff also

alleges the free sample "is part of an auto-ship program by which the recipient's credit card is

authorized to be charged a fee every month until cancelled by the recipient." Dkt. 40-1 at 25,

¶50.

The order did not, as defendant would have it, put plaintiff "on notice that pursuit of a

TCPA claim against Twilio had no basis in law or fact." Dkt. 38 at 3. If that were true, the

claim would have been dismissed with prejudice. Regardless of whether the new facts would

change the result of a motion to dismiss, the Court cannot conclude the second amended

complaint is legally or factually unsupportable.

ORDER DENYING DEFENDANT'S
MOTION FOR RULE 11 SANCTIONS- 3

**B. Reasonable and Competent Inquiry**

Defendant argues there could not have been a reasonable inquiry into the merits of the second amended complaint given its similarity to the dismissed amended complaint.  Dkt. #43 at 2.  It argues sanctions are appropriate because the additional facts and information in the second amended complaint "are entirely irrelevant to both Twilio and the TCPA," and the claims are materially identical to those in the other complaints.  Id.

Plaintiff offers two declarations by academic figures in support of their opposition to sanctions.  The two were hired after defendant's counsel informed plaintiff's counsel of their intent to move for sanctions.  Dkt. #40 at 2.

The first is an statement by Professor Ira Kalb, who teaches marketing at the University of Southern California.  Dkt. #41.  Plaintiff submits Professor Kalb's statement puts the new facts of the second amended complaint in the appropriate context.  Professor Kalb describes Crevalor's tactic as a "bait and switch" where vendors offer free products to customers but then insist on payment for a similar product.  Dkt. #41 at 2.  This behavior is purportedly intended to promote and sell products.  Dkt. #41 at 6.  Professor Kalb also defines industry standards for customer service and contrasts them with defendant's behavior.  Dkt. #41 at 5-9.

The second is a statement by Professor John Strait, an attorney with extensive experience in legal ethics.  Dkt. #42.  Professor Strait outlines the additional factual allegations in the second amended complaint and concludes the complaint complies with the Rules of Professional Conduct and Rule 11.  Specifically, Professor Strait argues the new allegations "are based on reasonable inquiry and . . . present a reasonable and non-frivolous attempt to correct the factual deficiencies of the First Amended Complaint."  Dkt. #42 at 8.

The Court is satisfied plaintiff's second amended complaint is the result of a sufficiently rigorous inquiry to avoid Rule 11 sanctions.

## IV. REMEDY

Plaintiff seeks attorney's fees as the prevailing party in the event the Court denies the

ORDER DENYING DEFENDANT'S
MOTION FOR RULE 11 SANCTIONS- 4

motion. Dkt. #39 at 2. Rule 11(c)(2) provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for [the Rule 11] motion." The 1993 Advisory Committee Note to Rule 11 provides that the Rule "should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Defendant's characterization of this Court's prior order as foreclosing any TCPA claim is obviously inconsistent with that order's leave to amend the complaint. Defendant's motion for sanctions also devotes considerable attention to the purported irrelevance and insufficiency of plaintiff's new factual allegations. See Dkt. #38 at 7-8 and Dkt. #43 at 4. Defendant's Rule 11 motion would have been more appropriate in conjunction with or after a motion to dismiss. In light of the limited use of Rule 11, the availability of other methods for dismissing defective claims, and the new factual material alleged in the second amended complaint with leave of the Court, the Court will hold plaintiff's request for attorney's fees in abeyance pending the outcome of a motion to dismiss.

## V. CONCLUSION

For the foregoing reasons, defendant's motion (Dkt. #38) is DENIED.

Dated this 23rd day of February, 2017.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR RULE 11 SANCTIONS- 5